IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cr-30094 |
| ) | |
| ANTHONY CUNNINGHAM, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Anthony Cunningham's Amended Motion for Compassionate Release (d/e 35) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On February 28, 2013, Defendant pled guilty to distributing 28 or more grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1). On September 16, 2013, the Court sentenced Defendant to 150 months' imprisonment and 8 years of supervised release. In an Order Regarding Motion for

Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (d/e 28) entered on February 2, 2015, the Court reduced Defendant's term of imprisonment to 120 months.

Defendant is currently serving his sentence at FCI Fairton and has a projected release date of November 26, 2021.  As of July 6, 2020, the Bureau of Prisons (BOP) reports that FCI Fairton currently has 102 confirmed cases of COVID-19.  See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed July 6, 2020).

On June 23, 2020, Defendant filed a pro se motion for compassionate release (d/e 33) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On June 29, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  The amended motion concedes that Defendant is 33 years old and does not suffer from health conditions that the Centers for Disease Control and Prevention (CDC) has identified as increasing the risk of serious complications from COVID-19.  Defendant nevertheless requests compassionate release based on the COVID-19 pandemic, the relatively short amount of time he has left on his sentence, and

the health issues of his father and his younger brother.

Defendant proposes to live with his father if he is released from custody. The United States Probation Office, in a Memorandum (d/e 36) addressing Defendant's request for compassionate release, states that Defendant has not provided an address for his father, thereby precluding review of Defendant's release plan. The Memorandum notes that the BOP assigned Defendant a high-risk recidivism level in November 2019 and that Defendant's BOP disciplinary record includes infractions for violating visiting regulations, possessing marijuana, being in an unauthorized area, refusing to obey work or program assignments, refusing to obey an order, and being insolent to a staff member. These infractions span from July 2014 to March 2020.

The Memorandum also notes that, in April 2015, Defendant was charged by indictment with possession of contraband by a federal inmate in Case No. 15-30060 in the United States District Court for the Southern District of Illinois. In October 2015, Defendant was sentenced to eight months' imprisonment in that case, to run consecutively to the sentence imposed in this case. A two-year term of supervised release was imposed in the Southern

District of Illinois case.

On July 2, 2020, the Government filed a Response to Defendant's Amended Motion for Compassionate Release (d/e 37). The Government opposes the motion based on Defendant's age and health, his BOP disciplinary record, and his failure to make a request for compassionate release to the BOP. The Government argues that the health issues faced by certain of Defendant's family members are not a proper basis for compassionate release.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the

enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in

his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the CDC and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment.  While FCI Fairton currently has approximately 100 confirmed cases of COVID-19, there is no reason to believe that Defendant faces a significant risk of severe complications from COVID-19.  Defendant is only 33 years old and has no health issues that increase the risk that COVID-19 poses.  Defendant has a history of violating BOP rules, with one of these violations leading to an eight-month consecutive sentence being imposed in the Southern District of Illinois.

In addition, the United States Probation Office has been unable to assess the suitability of Defendant's release plan due to not having an address for Defendant's father.  The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons

that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Anthony Cunningham's Amended Motion for Compassionate Release (d/e 35) and Defendant's pro se motion for compassionate release (d/e 33) are DENIED.

ENTER: July 6, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE